UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cr-00024-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **KENDRICK JEREL LATTIMORE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Consent to Enter a Conditional Plea. Defendant's motion does not pass the test established in <u>United States v.</u> Brady, 392 F.3d 641 (4th Cir. 2004).

First, as to the Motion to Suppress based on the Fifth Amendment, this court's denial of such motion was not case dispositive. While the difficulty level would have increased had the court suppressed defendant's confession under the Fifth Amendment as a <u>Miranda</u> violation, the evidence presented at the hearing indicated that a number of officers observed defendant toss the Crown Royal bag containing a gun, controlled substances, and digital scales from the car. Thus, even if the court had suppressed the statement, the government had other evidence at hand that could have supported each and every element of its case.

As to defendant's Fourth Amendment claim, decision on that issue would have been case dispositive. While the court does not concur with the government that defendant's Fourth Amendment challenge is "entirely frivolous," Response (#17) at 2, the court does agree that defendant failed to present any evidence or argument that the investigating officers in any manner violated his Fourth Amendment protections. Indeed, as the court previously determined, the

observation of the home from a public street, the investigation, and the stop of the car in which defendant was travelling were all lawful law enforcement activities. While such ruling may satisfy the first "case dispositive" requirement of <u>Brady</u>, the second requirement of "government consent" is not met. As to the third requirement – "court consent" -- the undersigned determines such to be a gatekeeper requirement, requiring the court to consider a conditional plea where the defendant and the government consent, shielding the appellate court from unnecessary appeals under Rule 11(a)(2), Federal Rules of Criminal Procedure. As the gate was closed by the government's refusal to consent, the court need not weigh in on the third requirement.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Consent to Enter a Conditional Plea (#16) is **DENIED**.

Signed: August 12, 2015

Max O. Cogburn Jr
United States District Judge